IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAVARRE T. McCLAIN, | ) | CASE NO. 1:17 CV 1164 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN ED SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the amended *pro se* petition of Tavarre T. McClain for a writ of habeas corpus under 28 U.S.C. § 2254.[2] McClain currently is incarcerated by the State of Ohio at the Mansfield Correctional Institution.[3] He is serving an aggregate sentence of 23 years imposed in 2015 by the Cuyahoga County Court of Common Pleas upon McClain's conviction of various offenses.[4] The sentence was part of a plea deal by which McClain pled guilty to reduced charges related to the shooting death of a man with whom McClain was having an argument.[5]

---

[1] The matter was referred to me by United States District Judge Donald C. Nugent in a non-document order entered on June 22, 2017.
[2] ECF No. 8.
[3] ECF No. 9 at 2-3 (citing record).
[4] *Id.*
[5] *Id.*

In his amended petition,[6] McClain raises three grounds for relief that concern the acceptance of the guilty plea (Ground One) and the sentence imposed (Grounds Two and Three).[7]  He also seeks the appointment of counsel and requests an evidentiary hearing.[8]

The State asserts that Ground One should be denied on the merits after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") review;[9] that Ground Two should be dismissed as procedurally defaulted;[10] and that Ground Three should be dismissed as non-cognizable.[11]  McClain has not filed a traverse.

For the reasons that follow, I will recommend that the petition be denied in part and dismissed in part as it more fully detailed below.

## Facts

### A.    Background facts, trial, plea, and sentence

The essential background facts and procedural history are neither extensive nor disputed.  As noted by the state appeals court in its statement of facts:[12]

> As shown by the plea hearing transcript, on June 25, 2014, on a public street in view of the residents, McClain and the victim got into an argument.  When McClain felt disrespected by the victim's actions, he pulled out his handgun and tried to shoot the victim.  Initially, the gun jammed.  McClain then

---

[6] As the State observes (ECF No. 9 at 7), the amended petition is identical to the original petition in raising the same grounds but adds a brief in support.

[7] ECF No. 8 at 5, 7, 8.

[8] *Id.* at 15.

[9] ECF No. 9 at 12-31.

[10] *Id.* at 31-34.

[11] *Id.* at 34-38.

[12] Facts found by the state appeals court in its review of the underlying record shall be presumed correct by the federal habeas court.  28 U.S.C. §2254(e)(1).

2

unjammed the gun and fired six shots, one of which killed the victim.[13]

In 2014, McClain was charged in a six count indictment with murder, aggravated murder, felonious assault, and firearms violations, along with firearm specifications.[14] After initially pleading not guilty, McClain, after discussions with the prosecution, withdrew his former plea and agreed to enter a plea of guilty to reduced charges of involuntary manslaughter, felonious assault, and firearms violations, together with firearms specifications.[15]  After a plea hearing, the trial court accepted McClain's guilty plea and on April 28, 2015, sentenced him to an aggregate prison term of 23 years.[16]

## B.    Direct appeal

On June 1, 2015, McClain, *pro se*, filed an untimely and incomplete notice of appeal.[17]  After the appeals court *sua sponte* dismissed the appeal for failure to submit a complete filing, McClain moved for leave to file a delayed appeal, which the court treated as a motion for reconsideration of its earlier dismissal and granted.[18]  McClain acquired new court-appointed counsel,[19] and through counsel raised the following three assignments of error to the Ohio court of appeals:

1. The proceedings below were defective in that the trial court erred in accepting a plea that was neither knowingly, willingly[,] or intelligently made in violation of Crim. R. 11 and Defendant's constitutional rights.

---

[13] ECF No. 9, Attachment 2 (state court record) at 68.
[14] *Id.* at 1.
[15] *Id.* at 7.
[16] *Id.* at 9.
[17] *Id.* at 11.
[18] *Id.* at 13, 17.
[19] The State details the counsel of record during the trial and appeal.  ECF No. 9 at 4 n.1.

3

2. The trial court erred in violation of Crim. R. 32.1 by failing to allow Defendant to withdraw his plea.

3. The lower court erred in imposing a sentence that was not authorized by law.[20]

After the State filed a brief in opposition,[21] the appeals court on February 25, 2016, affirmed the judgment of the trial court.[22]

On March 25, 2016, McClain, *pro se*, timely filed[23] a notice of appeal with the Supreme Court of Ohio.[24]  In the memorandum in support of jurisdiction, McClain raised the following three propositions of law:

1. The proceedings below were defective in that the court erred in accepting a plea which was neither knowingly, willingly nor intelligently made in violation of Crim. R. 11 and Defendant's constitutional rights.

2. The court erred in violation of Crim. R. 32.1 by failing to allow Defendant to withdraw his plea.

3. The lower court erred in imposing a sentence that was not authorized by law.[25]

The State waived its response, and on June 15, 2016, the Supreme Court of Ohio declined to accept jurisdiction, dismissing the appeal.[26]

The record does not show that McClain then sought a writ of certiorari from the United States Supreme Court.

---

[20] ECF No. 9, Attachment 2 at 23.
[21] *Id.* at 41.
[22] *Id.* at 68.
[23] A notice of appeal must be filed in the Supreme Court of Ohio within 45 days of the judgment being appealed.  Ohio Supreme Court Rule of Practice III(A)(1)(a).
[24] ECF No. 9, Attachment 2 at 84.
[25] *Id.* at 86.
[26] *Id.* at 115.

4

**C.      Motions under Ohio App. R. 26(B)**

First, while the direct appeal was still pending, on May 27, 2016, McClain, *pro se*, filed an application to reopen his appeal.[27]   The appeals court denied the motion as untimely[28] and McClain did not appeal that decision.

Some months later, McClain, *pro se*, moved for reconsideration of the order of dismissal, arguing that although the original Rule 26(B) motion was filed 80 days late, the untimeliness was due to extraordinary circumstances.[29]   On December 2, 2016, the Ohio appeals court denied that motion, stating that under Ohio law reconsideration is not applicable to a Rule 26(B) proceeding.[30]   McClain did not appeal.

**D.      Federal habeas petition**

McClain timely filed the original habeas petition on May 23, 2017, which was the day he placed the petition in the prison mail system for filing.[31]   McClain presents three grounds for relief (in the original petition as well as in the amended petition which was filed properly on August 17, 2017[32] before the State filed its return of the writ[33]):

> **GROUND ONE:**          Petitioner's guilty plea was not entered into knowingly, willingly, nor intelligently, and [the Ohio courts] abused their discretion by not allowing him to withdraw his plea in violation of

---

[27] *Id.* at 116.

[28] *Id.* at 135.

[29] *Id.* at

[30] *Id.*

[31] ECF No. 1 at 15.  This May date is within one year of when the Ohio Supreme Court dismissed his direct appeal and is thus timely.

[32] ECF No. 8.

[33] ECF No. 9.

his Fifth, Sixth, and Fourteenth Amendment rights.

**GROUND TWO:**    The trial court relied on juvenile court convictions to sentence Petitioner to the high end of the sentence when using thes[e] prior convictions was unlawful in violation of his Fifth, Sixth and Fourteenth amendment rights.

**GROUND THREE:**    Petitioner was sentenced to an unauthorized sentence in violation of his Fourth, Fifth, Sixth, and Fourteenth amendment rights to the U.S. Constitution.[34]

The State, in its return of the writ, argues that the portion of Ground One that challenges the voluntary nature of the guilty plea should be denied on the merits because the Ohio appellate court opinion rejecting this claim was not an unreasonable application of clearly established Federal law.[35]  Further, the State maintains the portion of Ground One that asserts that the trial court erred by not permitting McClain to withdraw his guilty plea should be dismissed as non-cognizable because there is no federal constitutional right to withdraw a plea.[36]  And finally the State claims that the portion of Ground One that maintains that trial counsel was ineffective in connection with the plea is procedurally defaulted for not having first been raised to an Ohio court.[37]  The State also contends that the procedural defaults here have not been excused.[38]

---

[34] ECF No. 8 at 5, 7-8.
[35] ECF No. 9 at 26-27.
[36] *Id.* at 27-28.
[37] *Id.* at 28-29.
[38] *Id.* at 29-31.

6

As to Ground Two, the State maintains that it is procedurally defaulted because it was not raised as an independent claim on direct appeal but asserted in the Rule 26(B) application as a reason for ineffective assistance, which does not function to preserve the substantive claim underlying the ineffective assistance argument.[39] Again, the State claims that the procedural default in this instance has not been excused.[40]

Finally, the State asserts that Ground Three, which concerns the sentence, is non-cognizable as a pure matter of state law.[41] Alternatively, the State argues that any federal claim arising from the sentence is now procedurally defaulted and such default has not been excused.[42]

As noted earlier, McClain has not filed a traverse.

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that McClain is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[43]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[44]

---

[39] *Id.* at 31-32.
[40] *Id.* at 32-34.
[41] *Id.* at 34-36.
[42] *Id.* at 36-38.
[43] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).
[44] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

7

3.  In addition, my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[45]

4.  Moreover, subject to the procedural default arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[46]

5.  Finally, McClain is not represented by counsel.  He has requested the appointment of counsel,[47] and requested an evidentiary hearing to develop the factual bases of his claims.[48]

**B.  Standards of review**

*1.  AEDPA*

AEDPA,[49] codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[50]  Under AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[51]

---

[45] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[46] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[47] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[48] 28 U.S.C. § 2254(e)(2).

[49] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[50] *See* 28 U.S.C. § 2254 (2012).

[51] 28 U.S.C. § 2254(d) (2012).

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations[52] and "difficult to meet,"[53] thus preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[54]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[55]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[56] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case[57] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[58]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[59]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[60]  Under the "contrary to" clause, if

---

[52] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[53] *Id.* (citation omitted).

[54] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[55] *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[56] *Brumfield v. Cain*, 135 S. Ct. 2269, 2293 (2015).

[57] *Id.*

[58] *Id.*

[59] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[60] *Id.*

9

materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[61] When no such Supreme Court holding exists, the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule but applies it unreasonably to the facts of the petitioner's case.[62] Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[63] A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[64] To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[65] Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

---

[61] *See id.*

[62] *White v. Woodall*, 134 S. Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

[63] *Id.* (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[64] *Id.*

[65] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

*b.      "Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[66]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[67] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[68] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[69] it is indeed a difficult standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[70]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in

---

[66] *Brumfield*, 135 S. Ct. at 2277.

[67] 28 U.S.C. § 2254(e)(1) (2012).

[68] *Brumfield*, 135 S. Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

[69] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[70] *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citation omitted).

state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[71]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[72]

In addition to establishing these elements, the state procedural rule must be (a) firmly established and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[73]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits

---

[71] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[72] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[73] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

12

will result in a fundamental miscarriage of justice.[74]  In addition, a showing of actual innocence may also excuse a procedural default.[75]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[76]  Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[77]  If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[78]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[79]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[80]

---

[74] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[75] *Id.*
[76] *Id.* at 753.
[77] *United States v. Frady*, 456 U.S. 152, 170 (1982).
[78] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).
[79] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).
[80] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

13

### 3.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[81]  Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[82]  In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[83]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[84]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[85]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[86]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[87]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[88] and may not second-guess a state court's

---

[81] 28 U.S.C. § 2254(a).

[82] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[83] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[84] *Estelle*, 502 U.S. at 67-68.

[85] *Bey*, 500 F.3d at 522 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[86] *Bey*, 500 F.3d at 521 (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

[87] *Bey*, 500 F.3d at 521.

[88] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

14

interpretation of its own procedural rules.[89]  Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[90] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[91]

## C.  Application of standards

### 1.  *Most of Ground One should be denied on the merits*

As noted, the State asserts that most of Ground One should be denied on the merits because the state appeals court's decision in this regard was not an unreasonable application of clearly established federal law.  The applicable law is well-known.  A plea is voluntary and knowing when it is a voluntary and intelligent choice among the alternative courses of action open to the defendant.[92]  To that end, courts look at the totality of circumstances surrounding the plea.[93]  The State generally satisfies its burden of showing that the plea was voluntary by producing the plea transcript.[94]

Although a knowing and voluntary waiver of a jury trial may not be inferred from a silent record,[95] a plea is not automatically vacated if a trial judge fails to inform a defendant

---

[89] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[90] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[91] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006) (quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983)).
[92] *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).
[93] *Brady v. United States*, 397 U.S. 742, 749 (1970).
[94] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 1993).
[95] *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

of the right to a jury trial.[96]  Rather, the reviewing court considers the entire record –
including written statements that this right was reviewed with counsel – to determine if the
defendant understood this right and then voluntarily made the plea.[97]

Finally, even the presence of mental illness does not *per se* render a plea invalid.[98]
Neither does the use of medication of itself invalidate a plea.[99]  Rather, the test is whether
the defendant has sufficient present ability to consult with his lawyer with a reasonable
degree of rational understanding and then has a "rational as well as factual understanding
of the proceedings against him."[100]

A determination by the state trial court that a defendant's plea is voluntary and
knowing is a finding of fact entitled to deference under the AEDPA.[101]  This is because a
competency finding depends on the trial judge's appraisal of the witness's credibility and
demeanor.[102]

In the last reasoned state court decision addressing McClain's claim that his plea
was not knowing and voluntary, the Ohio court of appeals began by recounting – at length
– the history of the plea negotiations and the details of the pleas under consideration during
those negotiations.

---

[96] *United States v. Vonn*, 535 U.S. 55, 99 (2002).
[97] *Id.* at 74-75.
[98] *Dusky v. United States*, 362 U.S. 402 (1960) (*per curiam*)
[99] *Id.*
[100] *Id.*
[101] *Thompson v. Keohane,* 516 U.S. 99, 111 (1995).
[102] *Id.*

At the pretrial hearing, the State outlined two plea options: (1) McClain would plead guilty to murder with a firearm specification and to having a weapon while under disability, with the result being a sentence of 18 to 21 years; or (2) McClain would plead guilty to only involuntary manslaughter but with a sentence recommendation of between 17 and 23 years in prison, with the trial judge to determine sentence.[103]  In addition, as outlined by the trial court and explained to McClain, the maximum penalty if he went to trial and was convicted on all counts would be life in prison without  parole.[104]

The trial court then asked McClain if he understood all the evidence the State would present against him.[105]  When McClain said "not fully," his counsel then informed the court that he had discussed the evidence with McClain.[106]  To ensure that McClain actually did understand the evidence, the trial court then instructed the prosecution to lay out the evidence on the record, which was done.[107]

Later, at the change of plea hearing, the prosecution restated the terms of the plea agreement, noting the maximum penalties involved and stating specifically that the agreement was for a sentencing range of 17 to 23 years.[108]  McClain was present in court for this statement.[109]  Further, McClain's attorney told the judge, while McClain was present, that he had discussed the plea with McClain and his family, and that once the court

---

[103] *See* ECF No. 9 at 21-22 (citing record).
[104] *Id.* at 22 (citing record).
[105] *Id.* (citing record).
[106] *Id.* (citing record).
[107] *Id.* at 22-23 (citing record).
[108] *Id.* at 23 (citing record).
[109] *Id.* (citing record).

had reviewed the relevant constitutional rights, the court would be able to conclude that "the change of plea will be knowingly, intelligently and voluntarily made."[110]

Significantly, at this point the trial judge directly asked McClain – "Mr. McClain, have you understood what the prosecution has said, what your attorney has said, and is that your understanding of the plea?"[111] McClain, on the record in open court responded, "Yes, sir."[112]

The trial court then conducted the plea colloquy, wherein he made findings from McClain's responses that: (1) McClain was 18 years old and had a high school education; (2) he was satisfied with his attorney's representation; and (3) he understood each of his constitutional rights that he would give up by not going to trial [the rights were individually spelled out].[113] McClain responded "Yes, sir" to the individual waivers of rights.[114]

The trial court then spelled out the particular offenses to which McClain would be pleading guilty and the penalty range for each offense.[115] The judge reiterated the terms of the plea agreement as to sentencing – that the prosecution had agreed to sentencing in the range of 17 to 23 years in prison in exchange for McClain's guilty plea.[116] Directly addressing McClain, the trial judge asked him if he agreed to a sentencing range of between 17 and 23 years in prison, and understood that "there's no promise of a particular sentence

---

[110] *Id.* (citing record).
[111] *Id.* (citing record).
[112] *Id.* (citing record).
[113] *Id.* at 24 (citing record).
[114] *Id.* (citing record).
[115] *Id.* (citing record).
[116] *Id.* (citing record).

in this matter."[117]   McClain responded, "yes, sir."[118]   McClain then pled guilty to the charges as outlined by the prosecution and admitted on the record that he had actually committed the offenses.[119]

On April 28, 2015, a sentencing hearing was scheduled.[120]   Before that date, McClain had orally moved to withdraw his plea and asked for new counsel.[121]   In that request, McClain asserted that he had been pressured into accepting the plea; that his defense counsel had never reviewed the evidence with him; and that he did not understand what he was being accused of.[122]

Defense counsel then explained to the court the numerous times he met with McClain; that he sent McClain all copies of all the police reports; that he and his associate had gone over the evidence against McClain and who the witnesses were – noting to the court that McClain himself knew the case against him as well, since McClain had made many phone calls to witnesses trying to get them to change their testimony or to say that McClain didn't do anything.[123]   Defense counsel also reaffirmed to the court that the different charges and the concept of merger had been discussed with McClain on several

---

[117] *Id.* (citing record).
[118] *Id.* (citing record).
[119] *Id.* (citing record).
[120] *Id.* (citing record).
[121] *Id.* (citing record).
[122] *Id.* at 25 (citing record).
[123] *Id.* (citing record).

occasions and reminded the court that it had given McClain time to talk with his mother prior to the court taking the plea.[124]

In addition to the analysis of the Ohio appeals court, that the State has produced:

(1)    the transcript of the preliminary hearing where the plea options were discussed;

(2)    the transcript that details why McClain's prison telephone privileges were revoked for seeking to tamper with witnesses;

(3)    the transcript of the plea hearing; and

(4)    the transcript of the sentencing hearing.[125]

Taken together and viewed in light of the clearly established federal law cited above, which was acknowledged by the Ohio appeals court, the decision that McClain's plea was knowing, voluntary, and intelligent is not an unreasonable application of clearly established federal law.  Indeed, as the appeals court itself stated, McClain's claims here about an invalid plea are nothing more than "buyer's remorse."[126]

Thus, the portion of Ground One alleging an invalid guilty plea should be denied on the merits after AEDPA review.

**2.    Elements of Ground One should be dismissed as procedurally defaulted and non-cognizable**

As noted earlier, Ground One also contains sub-claims that (1) the trial court erred in not permitting him to withdraw his plea and (2) that his trial counsel was ineffective for not properly advising him as to the specifics of the plea.

---

[124] *Id.* (citing record).
[125] *Id.* (citing record).
[126] *Id.* (citing record).

As to the first sub-ground concerning the trial court's denial of a request to withdraw his plea, such a claim is not cognizable here. A criminal defendant has no absolute Constitutional right to withdraw a plea of guilty. As District Judge Polster observed in identical circumstances, "a claim that an Ohio court abused its discretion in denying a motion to withdraw a guilty plea, solely made pursuant to Ohio Criminal Rule 32.1, does not state a cognizable claim for habeas relief and so should be dismissed."[127] Indeed, a state trial judge's alleged abuse of discretion is not generally a basis for federal habeas relief.[128] Thus, this sub-ground of Ground One should be dismissed as non-cognizable.

In the second sub-ground, McClain claims that his trial counsel was ineffective in how he represented McClain. This argument is procedurally defaulted. Insofar as the facts underlying this claim are within the record, McClain had different counsel than at trial and could have presented this argument to the Ohio appeals court but did not.[129] If the underlying facts were outside the record, McClain should have filed a post-conviction petition with the trial court but did not, and it is now too late to do so.[130]

Untimeliness is an adequate and independent state law basis for enforcing a procedural default.[131] Moreover, McClain has presented no basis by which to excuse the

---

[127] *Smith v. Hudson*, No. 1:08 CV 1010, 2009 WL 3052354, at *28 (N.D. Ohio Sept. 23, 2009) (adopting reports and recommendations).
[128] *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).
[129] *See* ECF No. 9 at 29.
[130] *Id.* (citing record and Ohio law).
[131] *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

default,[132] nor can he show miscarriage of justice, particularly since he has submitted no new reliable evidence showing that he is actually innocent.[133]

Accordingly, the sub-grounds of Ground One should be dismissed as non-cognizable and procedurally defaulted, as is set forth above.

### 3.     *Ground Two should be dismissed as procedurally defaulted*

In Ground Two, McClain argues that the trial court improperly relied on his prior juvenile convictions to support sentencing him to the high end of the sentencing range in the present case.  The State contends that because this claim was never correctly presented to the Ohio courts on direct appeal, it should be dismissed as procedurally defaulted.

McClain raised this argument as factual support for his claim of ineffective assistance of appellate counsel in his Rule 26(B) application.  There, McClain maintained that appellate counsel should have raised this argument regarding use of prior juvenile convictions to support the present sentence.[134]

The State notes first that an assertion of a reason for ineffective assistance in a Rule 26(B) application does not preserve that underlying reason as a standalone ground for later federal habeas relief.[135]  Moreover, even if a Rule 26(B) application could preserve the underlying factual basis of the ineffective assistance claim, McClain's Rule 26(B) application was denied as untimely and that ruling was not appealed.[136]  Because McClain

---

[132] ECF No. 9 at 30 (citing record and case authority).
[133] *Id.* at 31 (citing record and case authority).
[134] *Id.* at 31-32.
[135] *Lott v. Coyle*, 261 F.3d 594, 612-13 (6th Cir. 2001).
[136] ECF No. 9 at 32.

has not made any attempt to show cause and prejudice related to the default in not properly presenting this claim to Ohio court, nor attempted to show a miscarriage of justice, Ground Two is procedurally defaulted and so should here be dismissed.

### 4.    *Ground Three should be dismissed as non-cognizable*

McClain states in Ground Three that he was sentenced to an unauthorized sentence because he was convicted of allied offenses that should not have yielded separate sentences.  Specifically, he maintains that the trial court erred by accepting a plea that contained a stipulation that the crimes would not be merged.[137]  The Ohio appeals court, in overruling this claim, noted that the prosecution and defense counsel had agreed on the record that the offenses involved were not allied offenses, and so the issue of allied offenses would be waived for appeal.[138]

First, an Ohio court's interpretation of its own sentencing law is binding on this federal habeas court.[139]  Further, to the extent that McClain is arguing that the Ohio court abused its discretion in accepting this component of the plea, the state court's abuse of discretion, as noted earlier, is generally not a matter for federal habeas review.  Finally, the failure of a state court to follow its own procedural law does not of itself violate Due Process, since to hold otherwise would make a federal constitutional issue out of every state rule and regulation.[140]

---

[137] *Id.* at 34 (citing record).
[138] *Id.* at 35 (citing record).
[139] *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).
[140] *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995).

23

Accordingly, for the reasons stated, Ground Three should be dismissed as non-cognizable.

## Conclusion

For the reasons stated, the *pro se* petition of Tavarre T. McClain for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied in part and dismissed in part as is more fully set forth above.

IT IS SO RECOMMENDED.

Dated: January 31, 2019                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[141]

---

[141] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).