IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAVARRE T. MCCLAIN, | ) | CASE NO. 1:17 CV 1164 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | |
| WARDEN ED SHELDON, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (ECF No. 10). On May 23, 2017, Tavarre McClain filed a timely pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is incarcerated by the State of Ohio at the Mansfield Correctional Institution. (ECF No. 8). Petitioner is currently serving an aggregate sentence of 23 years imposed in 2015 by the Cuyahoga Court of Common Pleas. (ECF No. 9). This sentence resulted from a plea deal where Petitioner pled guilty to reduced charges regarding the shooting death of a man following his argument with the Petitioner.

The statement of facts from the state appeals court is as follows:

> As shown by the plea hearing transcript, on June 25, 2014, on a public street in view of the residents, McClain and the victim got into an argument. When McClain felt disrespected by the victim's actions, he pulled out his handgun and tried to shoot the victim. Initially, the gun jammed. McClain then unjammed the gun and fired six shots, one of which killed the victim. (ECF No. 9, Attachment 2 at 68).

In 2014, Mr. McClain was charged in a six-count indictment with murder, aggravated murder, felonious assault, and firearms violations, along with firearms specifications. *Id.* at 1. Petitioner pled not guilty, then after discussions with the prosecution, pled guilty to reduced

charges of involuntary manslaughter, felonious assault, and firearms violations, together with firearms specifications. *Id.* at 7. The trial court accepted this plea, sentencing him to 23 years in prison. *Id.* at 9.

### Direct Appeal

On June 1, 2015, Mr. McClain, *pro se*, raised three assignments of error to the Ohio Court of Appeals. *Id.* at 11. The Court of Appeals affirmed the judgment of the trial court. On March 25, 2016, Mr. McClain timely filed a notice of appeal with the Supreme Court of Ohio, offering the same three propositions of law:

1. The proceedings below were defective in that the court erred in accepting a plea which was neither knowingly, willingly nor intelligently made in violation of Crim. R. 11 and Defendant's constitutional rights.
2. The court erred in violation of Crim. R. 32.1 by failing to allow Defendant to withdraw his plea.
3. The lower court erred in imposing a sentence that was not authorized by law.

The Supreme Court of Ohio declined to accept jurisdiction and dismissed the appeal. (ECF No. 10 at 4).

### Motions under Ohio App. R. 26(B)

While the direct appeal was still pending, Mr. McClain filed an Ohio Rule 26(B) motion to reopen his appeal. This was denied. (ECF No. 10 at 5).

### Federal Habeas Petition

On May 23, 2017, Tavarre McClain filed a timely pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. McClain asserts three grounds for relief:

> **GROUND ONE**: Petitioner's guilty plea was not entered into knowing, willingly, nor intelligently, and [the Ohio courts] abused their discretion by not allowing

him to withdraw his plea in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

**GROUND TWO:** The trial court relied on juvenile court convictions to sentence Petitioner to the high end of the sentence when using thes[e] prior convictions was unlawful in violation of his Fifth, Sixth, and Fourteenth amendment rights.

**GROUND THREE**: Petitioner was sentenced to an unauthorized sentence in violation of his Fourth, Fifth, Sixth, and Fourteenth amendment rights to the U.S. Constitution. (ECF No. 10 at 5-6).

## Magistrate Judge's Report and Recommendation

After reviewing the record, Magistrate Judge Baughman issued his Report and Recommendation on January 31, 2019. Magistrate Judge Baughman recommended that most of ground one should be denied on the merits, finding that a district court should give deference to a "determination by the state trial court that a defendant's plea is voluntary and knowing is a finding of fact under the AEDPA" standard of review, codified at U.S.C. § 2254. *Thompson v. Keohane,* 516 U.S. 99, 111 (1995). (ECF No. 10 at 20). Magistrate Judge Baughman determined that the totality of the circumstances established the state's decision was not an "unreasonable application of clearly established federal law." Further, Magistrate Judge Baughman determined the sub-ground concerning the trial court's denial of Petitioner's request to withdraw the defendant's guilty plea did not cite a cognizable claim for habeas relief and the sub-ground for ineffective assistance of counsel was procedurally defaulted, as "the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court." (ECF No. 10 at 12).

3

Magistrate Judge Baughman recommended Ground Two should be dismissed as procedurally defaulted because Petitioner had not "made any attempt to show cause and prejudice related to the default in not properly presenting this claim to Ohio court, nor attempted to show a miscarriage of justice." (ECF No. 10 at 23). Magistrate Judge Baughman recommended Ground Three should be dismissed as non-cognizable because "an Ohio court's interpretation of its own sentencing law is binding on this federal habeas court," a state court's abuse of discretion "is generally not a matter for federal habeas review," and "the failure of a state court to follow its own procedural law does not of itself violate Due Process." *Id.*

For the reasons stated, Magistrate Judge Baughman recommended the *pro se* petition of Tavarre T. McClain for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied in part and dismissed in part.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard for a Magistrate Judge's report and recommendation depends upon whether objections were made to that report. The Advisory Committee on Civil Rules commented on the standard of review for such reports, stating "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo, or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Petitioner has filed no timely objection to the Magistrate Judge's Report and Recommendation.

The Court has reviewed the Magistrate Judge's Report and Recommendation and, after careful evaluation of the record, the Court finds the Magistrate Judge's Report and Recommendation to be thorough, well-supported, and correct. This Court ADOPTS Magistrate Judge Baughman's Report and Recommendation (ECF No. 10). Petitioner's petition for a writ of habeas corpus (ECF No. 8) under 28 U.S.C. § 2254 is DENIED in part and DISMISSED in part as set forth in the Report and Recommendation.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of the constitutional right, a habeas prisoner must demonstrate "that reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issue presented was "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct.

1595, 1604, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889, 103 S. Ct. 3383, 3393, 77 L. Ed. 2d 1090 (1983).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons outlined in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude this court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 28, 2019